## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **11-06230-dd**

Adversary Proceeding Number:  **12-80229-dd**

## ORDER ON MOTION TO DISMISS COUNTERCLAIMS

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/03/2013**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 01/04/2013

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Bates Family Enterprises, LLC,<br><br><div align="right">Debtor.</div> | C/A No. 11-06230-dd<br><br>Adv. Pro. No. 12-80229-dd<br><br>Chapter 7 |
| Mt. Pleasant Auto Sales, LLC and Dealer Services Corporation,<br><br><div align="right">Plaintiffs,</div><br>v.<br><br>Quick Capital, LLC, Westlake Financial, LLC, and Sean Christopher Bates a/k/a Chris Bates,<br><br><div align="right">Defendants.</div> | **ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS OF QUICK CAPITAL, LLC** |

This matter is before the Court on a motion to dismiss counterclaims of defendant Quick Capital, LLC ("Quick Capital") entered on December 17, 2012, by the plaintiffs, Mt. Pleasant Auto Sales, LLC and Dealer Services Corporation ("plaintiffs"). Quick Capital submitted a response in opposition to the motion. In its answer to the plaintiffs' complaint, Quick Capital asserts counterclaims for civil conspiracy, tortious interference with contract, and conversion. In their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiffs assert that Quick Capital does not allege sufficient facts in support of its counterclaims.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679; *see also Harman v. Unisys Corp.*, 356 Fed. Appx. 638, 640 (4th Cir. 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.* at 678.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.

The plaintiffs' motion and Quick Capital's response have been reviewed in chambers, and a hearing is not necessary, as the Court is able to rule on the motion based on the briefing submitted.  After careful consideration, the Court concludes that Quick Capital has not met the standard set forth in *Iqbal* and *Twombly* in pleading its counterclaims, as the counterclaims do not contain sufficient factual matter to state claims to relief that are plausible on their face.  The counterclaims, as currently pleaded, constitute little more than threadbare recitals of elements of causes action.  Therefore, the plaintiffs' motion to dismiss counterclaims of defendant Quick Capital is granted.  Quick Capital shall have fifteen (15) days from the date of entry of this Order to file amended counterclaims.